## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MICHAEL ALEXANDER,**

        **Plaintiff**

                          **CASE NO:**

        **v.**

**GOLDEN OCALA MANAGEMENT,
INC. D/B/A GOLDEN OCALA AND
EQUESTRIAN CLUB, a Florida
Profit Corporation**

        **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff MICHAEL ALEXANDER, on behalf of himself and all others similarly situated by and through the undersigned counsel, and hereby files this Complaint against the Defendant, GOLDEN OCALA MANAGEMENT, INC. D/B/A GOLDEN OCALA AND EQUESTRIAN CLUB, a Florida Profit Corporation, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct.

1437, 1444 (1981).   The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being.  *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendant unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

2.     Plaintiff worked as a Cook for Defendant in Ocala, Florida.

3.     Defendant is a company that owns a golf and equestrian club with a principal place of business located in Marion County, Florida.

4.     Defendant is subject to the personal jurisdiction of this court.

5.     Defendant is a Florida profit corporation and operating its business within the city of the Ocala, Florida.

6.     Defendant is subject to the personal jurisdiction of this court.

## JURISDICION AND VENUE

7.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8.     Venue is proper in the Middle District Of Florida, Orlando Division, Pursuant To 28 U.S.C. § 1391(B)(1) & (C).

## FLSA ENTERPRISE COVERAGE

9.     At all material times relevant to this action (2018-2021), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.    At all material times relevant to this action (2018-2021), Defendant made gross earnings of at least $500,000 annually.

11.    At all material times relevant to this action (2018-2021), Defendant accepted payments from customers based on credit cards issued by out of state banks.

12.    At all material times relevant to this action (2018-2021), Defendant routinely ordered materials and supplies from out of state. (i.e. telephones, office supplies, and medical equipment).

13.    At all material times relevant to this action (2018-2021), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling, or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. office supplies, ophthalmological supplies, and other medical equipment).

14.    At all material times relevant to this action (2018-2021), Defendant used U.S. mail to send and receive letters and packages to and from other states.

15.    At all times relevant to this action (2018-2021), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant

for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

16.    Plaintiff worked in the state of Florida without being paid at least the time and a half minimum hourly wage for all hours worked over forty (40) per week.

17.    Defendant controlled and/or were responsible for the work of Plaintiff.

18.    Defendant improperly paid Plaintiff for hours worked over forty (40) per week.

## FACTUAL ALLEGATIONS

19.    Plaintiff works for Defendant from approximately April 2015 to the present.

20.    Plaintiff works as a Cook.

21.    Plaintiff is paid an hourly rate of $16.00 an hour.

22.    Plaintiff is a full-time employee.

23.    Plaintiff typically works more than 40 hours in a work week.

24.    Specifically, Plaintiff regularly worked up to 42.5 hours in a work week.

25.    Plaintiff was eligible to be paid overtime pay at time and one half his regular hourly rate.

26.    Defendant failed to pay Plaintiff all overtime hours worked.

27.    Defendant knew it was not paying Plaintiff correctly and intentionally did so.

28.    Plaintiff is owed additional overtime wages-overtime pay at one and one half his regular rate of pay for all overtime hours worked.

29.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

30.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA were willful and/or reckless.

### <u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

31.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30 above.

32.     Plaintiff has worked for Defendant from 2015 to the present as an hourly paid employee for Defendant's businesses located in Florida.

33.     Defendant is an employer doing business in the state of Florida and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

34.     Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half the minimum wage for *all* hours worked over forty in a workweek.

35.     Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week yet were not compensated for all work in excess of forty (40) hours at the proper rate of one and a half times their regular rate of pay.

36.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands:

a)    judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate her;

b)    liquidated damages and/or interest;

c)    conditional certification of a collective action;

d)    reasonable attorneys' fees and costs incurred in this action;

e)    and all further relief that this Court determines to be just and appropriate.

DATED this 12th day of October, 2021.

Respectfully submitted,

***s/Bruce A. Mount***
Anthony J. Hall
FL Bar No. 40924
Bruce Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***